**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2039
_____

MICHAEL QUEZADA,
a/k/a Alexander Cruz,
a/k/a Michael Rodriguez,
                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                    Respondent

_____

Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A077-629-945)
Immigration Judge:  Daniel J. Daugherty

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 17, 2017

Before: VANASKIE, SHWARTZ, FUENTES, *Circuit Judges*

(Filed: January 8, 2018)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Michael Quezada petitions for review of a decision of the Board of Immigration Appeals denying his application for cancellation of removal under the Immigration and Nationality Act. Because Quezada fails to raise any colorable constitutional claims or questions of law, we do not have jurisdiction over his petition for review, and we will dismiss it.

**I.**

Quezada is a citizen of the Dominican Republic who became a lawful permanent resident of the United States in 2000. In 2011, Quezada was convicted of Conspiracy Theft by Unlawful Taking in the Superior Court of the State of New Jersey. He was also convicted of Criminal Attempt Fraudulent Use of a Credit Card in 2015 and was sentenced to a term of imprisonment of five years. On January 27, 2016, the Department of Homeland Security served Quezada with a Notice to Appear, which charged him as removable under sections 1227(a)(2)(A)(ii) and 1227(a)(2)(A)(iii) of the Immigration and Nationality Act ("Act"). After a hearing, the presiding Immigration Judge sustained the charge of removability under § 1227(a)(2)(A)(ii) but not under § 1227(a)(2)(A)(iii). Quezada did not challenge the Immigration Judge's decision that he was removable. Instead, he applied for cancellation of removal under 8 U.S.C. § 1229b(a), which allows the Attorney General to cancel removal of an alien who: (1) has been a lawful permanent resident for at least five

years, (2) has lived in the United States continuously for seven years after having been admitted in any status, and (3) has not committed an aggravated felony.[1]

On December 20, 2016, a hearing was held on Quezada's application for cancellation of removal. After hearing testimony from Quezada, Quezada's girlfriend (Marlin Polanco), Quezada's grandmother, and Polanco's mother, the presiding Immigration Judge denied Quezada's application because he concluded that the reasons for allowing Quezada to remain in the country were outweighed by those against doing so.

Quezada appealed the Immigration Judge's decision to the Board of Immigration Appeals ("Board"). He initially appealed *pro se* and was given until February 28, 2017 to file a brief in support of his appeal. However, Quezada subsequently retained counsel, and his counsel requested an extension of time to file the brief. The Board granted the request, and Quezada's deadline to file was extended to March 21, 2017. On March 20, 2017, Quezada's counsel wrote to the Board to request a second extension of time to file the brief, explaining that he was too ill to file it by March 21, 2017. The Board denied the request and ultimately affirmed the Immigration Judge's decision without opinion. This appeal followed.

**II.**

Quezada argues that the Immigration Judge erred in denying his application for cancellation of removal and that the Board violated his due process rights by denying his

---

[1] 8 U.S.C. § 1229b(a).

counsel's request to extend the briefing deadline. We lack jurisdiction to address the merits of Quezada's arguments.

Section 1252(a)(2) of the Act explicitly delineates the limits of our jurisdiction to review removal decisions of immigration judges and the Board.[2] Specifically, under § 1252(a)(2)(B), we do not have jurisdiction to review "[d]enials of discretionary relief," including "any judgment regarding the granting of relief under section. . . 1229(b)."[3] In this case, Quezada is requesting that we do precisely what § 1252(a)(2)(B) prohibits— review the Immigration Judge's discretionary decision under § 1229b to deny his application for cancellation of removal. Thus, we do not have jurisdiction to determine whether the Immigration Judge abused his discretion by denying Quezada's application.[4]

Similarly, we cannot review Quezada's claim that his due process rights were violated by the Board. Under § 1252(a)(2)(D), we have jurisdiction over "constitutional claims or questions of law raised upon a petition for review."[5] However, "[o]ur jurisdiction in that respect is narrowly circumscribed in that it is limited to colorable claims or questions of law."[6] As we have explained, "[t]o determine whether a claim is colorable, we ask whether it is immaterial and made solely for the purpose of obtaining jurisdiction or is

---

[2] *See* 8 U.S.C. § 1252(a)(2).
[3] 8 U.S.C. § 1252(a)(2)(B)(i).
[4] *See also Pareja v. Att'y Gen. of U.S.,* 615 F.3d 180, 186 (3d Cir. 2010) ("This Court lacks jurisdiction to review the denial of discretionary relief, including cancellation of removal.").
[5] 8 U.S.C. § 1252(a)(2)(D).
[6] *Pareja*, 615 F.3d at 186 (internal quotations and citations omitted).

wholly insubstantial and frivolous."[7]  Because we conclude that Quezada's due process claim is wholly insubstantial and frivolous, we cannot exercise jurisdiction over it.

Although "[a]liens have a right to a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf. . ., [t]o prevail on a due process claim, the alien must show substantial prejudice."[8]  Here, Quezada does not even attempt to explain how he is substantially prejudiced by the Board's denial of his counsel's second extension request.  Most significantly, he does not explain what arguments he would have made to the Board to cause it to consider overturning the Immigration Judge's decision.  Instead, Quezada only emphasizes how ill his counsel was and claims that the Board should have allowed the extension "in the exercise of justice and fair play."[9]  Accordingly, Quezada's due process claim is not colorable because it is wholly insubstantial and frivolous, and we cannot review it.

**III.**

For the foregoing reasons, we will dismiss Quezada's petition for review for lack of jurisdiction.

---

[7] *Id.* (internal quotations and citations omitted).

[8] *Jarbough v. Att'y Gen. of U.S.*, 483 F.3d 184, 192 (3d Cir. 2007) (internal quotations and citations omitted).

[9] Pet'r's Br. 11.